**In the Interest of W.R.C., a Child,**

**W.R.C., a Child, Appellant.**

**No. 91–1575.**

Court of Appeals of Iowa.

June 25, 1992.

Michael L. Mollman of Mollman & Wertz, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Special Asst. Atty. Gen., and Kathrine S. Miller–Todd, Asst. Atty. Gen., for appellee State.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

The child, W.C., thirteen years old at the time of the incident, appeals an adjudication which determined he is a child in need of assistance as defined by Iowa Code sections 232.2(6)(c)(2) and 232.2(6)(f).

On November 9, 1990, the State filed a CINA petition and a petition for adjudication of delinquency. The juvenile court subsequently granted the State's motion to dismiss the delinquency petition.

A ruling regarding the CINA adjudication was entered on March 13, 1991. The juvenile court found W.C. to be a child in need of assistance. The court found on October 13, 1990, W.C. enticed S.M., a five-year-old female, into a field adjacent to the

apartment complex where W.C. and S.M. lived. Once in the field, W.C. pulled down S.M.'s pants and underwear, as well as his own pants and underwear, and forced S.M. to lay on top of him. W.C. placed his hands on S.M.'s hips and moved her in an up and down motion. The court also found a similar incident had occurred with another female child in late summer or early fall 1990.

W.C. appeals, contending there is no authority under Iowa law to find a child in need of assistance based solely upon a delinquent act. Therefore, W.C. argues his motion to dismiss should have been sustained. W.C. also contends the juvenile court erred in finding the State had met its burden of proof because S.M. was not a credible witness.

■ In CINA proceedings we review the evidence de novo. *In re J.R.H.*, 358 N.W.2d 311, 317 (Iowa 1984). Of paramount concern is the welfare and best interests of the child. *In re D.L.*, 401 N.W.2d 201, 202 (Iowa App.1986).

■ W.C. first asserts a child cannot be found in need of assistance based upon a delinquent act. W.C. neither cited authority nor made an argument in his brief to support his assertion. "Failure in the brief ... to argue or to cite authority in support of an issue may be deemed waiver of that issue." Iowa R.App.P. 14(a)(3). Even assuming W.C. preserved error of this issue, we find it to be without merit. Here, both a CINA petition and a delinquency petition were filed by the State. The State chose to proceed in the alternative of a child in need of assistance and thus dismissed the delinquency petition. Proceeding in this manner required the State to show by clear and convincing evidence one of the statutory grounds enumerated in Iowa Code section 232.2(6). It is irrelevant that the same facts might also have supported a delinquency adjudication. A child can be adjudicated in need of assistance based upon a delinquent act if the facts surrounding the delinquent act establish by clear and convincing evidence one of the statutory grounds enumerated in section 232.2(6).

We must therefore determine whether the State showed by clear and convincing evidence W.C. was a child in need of assistance as defined in sections 232.2(6)(c)(2) and 232.2(6)(f) of the Iowa Code. Section 232.-2(6)(c)(2) defines a child in need of assistance as "an unmarried child ... [w]ho has suffered or is imminently likely to suffer harmful effects as a result of the ... failure of the child's parent ... to exercise a reasonable degree of care in supervising the child." Section 232.2(6)(f) defines a child in need of assistance as "an unmarried child ... who is in need of treatment to cure, alleviate, or prevent serious physical injury or illness and whose parent ... is unwilling or unable to provide such treatment."

■ Our review of the record reveals S.M.'s report of the incident remained generally consistent. S.M. alleged W.C. enticed her into the field, he pulled down his pants and underwear, and pulled down her pants and underwear. W.C. then had S.M. lay on top of him while he grabbed her hips and moved her in an up and down motion. There was genital to genital contact. Although S.M.'s description of the genital to genital contact varied somewhat on different occasions, the remainder of her narrative was consistent. The juvenile court found S.M.'s recitation of events to be consistent. Although we are not bound by the findings of the juvenile court, we give weight to the juvenile court's findings of fact because that court has had the unique opportunity to hear and observe the witnesses first hand. *In re S.V.*, 395 N.W.2d 666, 668 (Iowa App.1986). We find no reason to dispute the juvenile court's finding.

The record also reveals a similar incident had previously occurred with another female child who was six years old. W.C.'s mother had been informed of that incident, yet she failed to take any steps to seek counseling or appropriate help for W.C.

We hold there is clear and convincing evidence establishing W.C. is a child in need of assistance pursuant to Iowa Code sections 232.2(6)(c)(2) and 232.2(6)(f). We affirm.

AFFIRMED.

HABHAB, J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent. If a child is charged with a public offense, his or her guilt should be determined in a delinquency proceeding where he or she is afforded his or her constitutional safeguards, not in a child in need of assistance proceedings where certain of these constitutional rights are denied. The majority's opinion denies a child this right.

W.R.C., a thirteen-year-old boy, I'll call Wilbur, allegedly committed sexual abuse. The State filed two petitions, (1) a delinquency petition charging Wilbur with the violations, and (2) a petition seeking to have Wilbur found a child in need of assistance on the basis that he had committed the offense he was charged with committing in the delinquency petition. The delinquency petition was dismissed, and the juvenile court went forward to find in the child in need of assistance proceedings that Wilbur had committed the offense.

The majority has agreed with the juvenile court's determination. Wilbur appeals contending he was found guilty of a public offense in a trial that did not afford him his constitutional safeguards. I agree with Wilbur that he has been found to have committed a public offense in a trial that did not afford him his constitutional rights. In *In re Gault*, 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527, 548 (1967), the court determined a juvenile charged with committing a public offense is afforded the five basic constitutional rights. Wilbur was denied his constitutional right to confront and cross-examine witnesses. *See Gault*, 387 U.S. at 57, 87 S.Ct. at 1459, 18 L.Ed.2d at 562–63. Much of the evidence, the majority and the trial court relied on in determining Wilbur committed the offense came in through written reports. Wilbur was denied the constitutional safeguard of being found guilty by proof beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368, 377 ( 1970). The court established that proof beyond a reasonable doubt is among the essentials of due process and fair treatment during the adjudicatory stage when a juvenile is charged with an act that would constitute a crime if committed by an adult.

The majority only finds clear and convincing evidence Wilbur committed the offense. The majority does not find the evidence at trial, including the evidence that came in by way of written report, proved Wilbur had beyond a reasonable doubt committed the offense. I agree with the majority the evidence introduced at trial does not support a finding beyond a reasonable doubt that Wilbur was guilty of the offense. The testimony of the only witness that testified was not strong. She contradicted herself numerous times.

I recognize the juvenile court is for the protection of children, and sometimes we tend to relax procedural due process and take shortcuts when we feel what we are doing is in the best interest of the child. However, I cannot subscribe to finding a child has committed sexual abuse in a trial where his constitutional rights have not been afforded him.

In *Gault*, 387 U.S. at 18–19, 87 S.Ct. at 1439, 18 L.Ed.2d at 541, the court said:

> Juvenile court history has again demonstrated that unbridled discretion, however benevolently motivated, is frequently a poor substitute for principle and procedure.

\* \* \* \* \* \*

Departures from established principles of due process have frequently resulted not in enlightened procedure, but in arbitrariness.

This charge should have been handled through a delinquency petition.